UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-13 SYMION MINION,

    Defendant.

_____/

Case No. 22-cr-20059

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR A BILL OF PARTICULARS (Dkt. 157)**

This matter is before the Court on Defendant Symion Minion's motion for a bill of particulars (Dkt. 157). Defendant Julius Simmons filed a notice stating that he joins in and concurs with the motion (Dkt. 160). For the reasons set forth below, the Court denies the motion as to both Defendants.[1]

## I. BACKGROUND

In this case, a federal grand jury returned a 22-count indictment against 13 defendants for conspiracy, drug trafficking, and firearm offenses. Indictment (Dkt. 14). Minion and Simmons are charged in Count One of the indictment with conspiracy to distribute and to possess with intent to distribute controlled substances—specifically heroin, cocaine, fentanyl, and marijuana—in violation of 21 U.S.C §§ 841 and 846. Id. Simmons is also charged in Count 18 with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Id.

---

[1] In addition to the motion, the briefing includes the Government's response (Dkt. 162). The Court held a hearing on the motion on March 1, 2023.

According to the indictment, beginning in or around October 2020 and continuing until at least December 14, 2021, the members of the alleged conspiracy used houses in Detroit, some of which they owned or occupied, to store, distribute, and process controlled substances, which included heroin, cocaine, fentanyl, and marijuana; to keep and store firearms; and to store currency from the sale of controlled substances. Id. at 6–9.

As it relates to Minion, Count One alleges the following:

> Symion Minion agreed to receive controlled substances in Kentucky from a member(s) of the Richardson/McNair DTO [Drug Trafficking Organization] which were intended to be further distributed elsewhere.

Id. ¶14. Count One alleges the following regarding Simmons:

> Julius Simmons received controlled substances from a member(s) of the Richardson/McNair DTO which he intended to further distribute within Detroit, Michigan, and elsewhere.

Id. ¶ 12.

## II. STANDARD OF DECISION

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which [he or she] must defend, and, second, enables [the defendant] to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974).

Although an indictment may be legally sufficient for purposes of Rule 7(c), it may nonetheless fail to provide enough detail to enable a defendant to meaningfully prepare for trial. United States v. Kestner, No. 3:19-cr-00095-4, 2022 WL 526487, at *3 (M.D. Tenn. Feb. 22, 2022). A potential remedy is available through Federal Rule of Criminal Procedure 7(f), under which a court may direct the Government to file a bill of particulars. Fed. R. Crim. P. 7(f). "The purpose of a bill of

2

particulars is to give a defendant key factual information not contained in the indictment, so as to enable him or her to prepare a defense and avoid surprise at trial." United States v. Page, 575 F. App'x 641, 643 (6th Cir. 2014); see also United States v. Griesbeck, No. 10–20108–BC, 2011 WL 528579, at *4 (E.D. Mich. Feb. 8, 2011) (explaining that a bill of particulars "is the proper remedy where an indictment properly charges each of the essential elements of the offense, but does not inform the accused with sufficient particularity as to what [they] will have to defend against at trial"). The United States Court of Appeals for the Sixth Circuit has stated that, therefore, "the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." United States v. Musick, 291 F. App'x 706, 724 (6th Cir. 2008).

A bill of particulars is "not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993). "This is particularly true in a conspiracy case in which the Government is not required to disclose all overt acts alleged to have occurred in furtherance of the conspiracy." United States v. Hayes, No. 88-5967, 1989 WL 105938, at * 3 (6th Cir. Sept. 14, 1989). It is also not intended as a means for the defendant to learn the Government's theory of the case. Musick, 291 F. App'x at 724. The decision to grant or deny a motion for a bill of particulars lies within the sound discretion of the trial court. United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991).

When the Government provides the defendant a bill of particulars, it "is strictly limited to the particulars which it has specified, i.e., the bill limits the scope of the government's proof at the trial." United States v. Haskins, 345 F.2d 111, 114 (6th Cir. 1965). The Sixth Circuit has, therefore, instructed that courts should "balance the defendant's need for the information against

3

the effect of narrowing the Government's scope of proof." United States v. Martin, No. 86–1663, 1987 WL 38036 at *2 (6th Cir. July 14, 1987).

### III. ANALYSIS

Minion argues that the indictment does not provide him constitutionally sufficient notice of the charges against him because it "merely mimics the language of the relevant statute and omits allegations that go to the very core of alleged criminality." Mot. 4. He also states that the indictment lacks specification about his participation in the alleged conspiracy. Id. at 4–5. In particular, Minion maintains, the indictment fails to provide notice of how and when he agreed to become a member of the alleged conspiracy described in Count One, and the defendant's actual agreement to participate in an alleged conspiracy is an essential element of the charged offense. Id. at 2–3, 7. In addition, he contends that the indictment is insufficient to inform him whether he agreed to receive drugs as a member of the alleged conspiracy or whether he simply agreed to receive drugs on a single occasion from a seller who may have been a member of the alleged conspiracy. Id. at 5–6. Minion asserts that his ability to distinguish between these two roles of joint venturer and mere customer is critical to the preparation of a defense and to making evidentiary objections at trial. Id.

Minion seeks a bill of particulars that discloses three pieces of information: (i) the date when he became a member of the conspiracy; (ii) the role he had in the conspiracy; and (iii) the specific kind of controlled substance he is alleged to have agreed to receive. Mot. at 1–2.

The Government argues that neither Minion nor Simmons is entitled to a bill of particulars because the indictment is sufficient to notify them of the pending charges and because a substantial amount of information that Defendants seek is available in discovery that the Government has produced. Resp. at 6–10.

The Court finds that the indictment is legally sufficient and that it contains enough particularity about the charged offenses to enable both Minion and Simmons to prepare a defense and avoid prejudicial surprise at trial. Therefore, the Court denies the request for the specific information sought.

### A. The Indictment Is Constitutionally Sufficient

The indictment provides Minion and Simmons constitutionally adequate notice of the conspiracy charge. "An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." United States v. Superior Growers Supply, Inc., 982 F.2d 173, 176 (6th Cir. 1992). In addition to using the words of the statute itself to describe the offense, the indictment must "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." Hamling, 418 U.S. at 117–118. The Sixth Circuit has stated that, therefore, the indictment is "presumed sufficient if it tracks the statutory language, cites the elements of the crime charged, and provides approximate dates and times." United States v. Anderson, No. 98-3704, 1999 WL 503519, at *3 (6th Cir. July 9, 1999).

The indictment meets those requirements as it relates to Count One—the focus of the motion here. To establish a drug conspiracy under 21 U.S.C. § 846, the Government must show that two or more individuals agreed to violate a drug law and that the defendant knowingly and voluntarily entered into this agreement. United States v. Wheat, 988 F.3d 299, 306 (6th Cir. 2021). The indictment alleges that there was a conspiracy to distribute drugs in Detroit and other states and that the conspiracy was operative from in or around October 2020 until at least December 14, 2021. It tracks the statutory language of 21 U.S.C §§ 841 and 846. It sets forth the manner and

5

means of the conspiracy. And it states that Minion and Simmons received controlled substances, which they intended to further distribute, from a member of the alleged conspiracy. Therefore, the indictment is constitutionally sufficient. See Musick, 291 F. App'x at 725 ("[T]he indictment set out the names of all indicted co-conspirators, the relevant dates of the conspiracies, the means and methods of the conspiracies, and, where required, the overt acts in furtherance of the conspiracies. As such, it was sufficient."); United States v. Reynolds, 762 F.2d 489, 494 (6th Cir.1985) (explaining that "an indictment for conspiring to commit an offense" does not need to "allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy") (punctuation modified).

## B. The Indictment Provides Sufficient Particularity

The indictment is also sufficiently specific to enable Minion and Simmons to prepare a defense and avoid prejudicial surprise at trial. As the Government notes, for Count One, the indictment identifies each of the coconspirators; specifies the leaders of the conspiracy, who are alleged to have operated the "Richardson/McNair DTO" in Detroit and other states; and provides the timeframe of the conspiracy. It alleges that members used various houses in Detroit to store, process, and distribute controlled substances to each other and to others for further sale. It provides the addresses of some of those houses and the controlled substances, firearms, and amount of currency found at those locations. In addition, the indictment states that members of the conspiracy used commercial shipping entities to transport controlled substances and that they communicated about the drug trafficking activities through cell phones.

It also identifies the general role of each coconspirator, including the role of Minion and Simmons. According to the indictment, Minion "agreed to receive controlled substances in Kentucky from a member(s) of the Richardson/McNair DTO which were intended to be further

6

distributed elsewhere." Indictment ¶ 14. Simmons "received controlled substances from a member(s) of the Richardson/McNair DTO which he intended to further distribute within Detroit, Michigan, and elsewhere." Id. ¶ 14

Those allegations give Minion and Simmons notice that they are charged with agreeing to receive controlled substances as members of the conspiracy, rather than as participants in a single-occasion buyer-seller transaction. They also have notice that the Government believes their acts of receiving drugs from a coconspirator were done in furtherance of the goals of the conspiracy. Further, as the Government notes, the argument that Minion or Simmons agreed to receive controlled substances on a single occasion and, therefore, are not members of the conspiracy is a possible defense at trial but not sufficient justification for a bill of particulars.

Defendants have been provided with more than an indictment to aid in trial preparation. The Government states in its response that it has provided defense counsel with extensive discovery and, with regard to Minion, identified and directed his counsel to the portions of discovery that are relevant to Minion's case. Resp. at 2–3, 6. The fact that discovery has been significant further minimizes the need for a bill of particulars in this case. See United States v. Martin, 516 F. App'x 433, 455 (6th Cir. 2013) (upholding denial of motion for bill of particulars in drug conspiracy case when the indictment adequately described the charges with sufficient detail and when the Government provided the defendant extensive discovery); see also United States v. McQuarrie, No. 16-cr-20499, 2018 WL 372702, at *5 (E.D. Mich. Jan. 11, 2018) (explaining that, in deciding a motion for a bill of particulars, courts consider the degree of discovery available to the defense). Minion and Simmons will also learn the identity of witnesses when the Court orders disclosure, thereby aiding in trial preparation.

7

The sufficiency of the information provided to date, by way of the indictment and discovery, as supplemented by a future witness list, assures fairness in trial preparation. It also puts in context the appropriateness of denying the specific requests for information, as explained below.

### a. The Date on Which Defendants Joined the Conspiracy

Minion and Simmons request that the Government specify the date on which they became members of the conspiracy alleged in Count One. "As a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars." United States v. Wilson, 493 F. Supp. 2d 364, 372 (E.D.N.Y. 2006). "This means the Government does not have to reveal the details surrounding the formation of the conspiracy or when each participant entered into that conspiracy before trial." United States v. Mills, No. 16-cr-20460, 2019 WL 1915762, at *5 (E.D. Mich. April 30, 2019). "In the context of prosecutions of narcotics conspiracies, courts have consistently refused to grant a bill of particulars requesting . . . when the defendant joined the conspiracy." United States v. Santiago, 174 F. Supp. 2d 16, 35 (S.D.N.Y. 2001).[2] "Moreover,

---

[2] See also United States v. Hayes, No. 88-5967, 1989 WL 105938, at * 3 (6th Cir. Sept. 14, 1989) (finding that the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987" was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense"); United States v. Vassar, 346 F. App'x 17, 20 (6th Cir. 2009) (declining to direct further particulars concerning "an indictment that is open-ended as to beginning dates but not end dates" because a defendant "cannot use a bill of particulars to obtain detailed disclosure of all evidence held by the government before trial") (punctuation modified); United States v. Butler, 822 F.2d 1191, 1193–1194 (D.C. Cir. 1987) (holding that "[m]ore specific information about the times and places that [defendant] participated in the alleged conspiracy" was not required beyond the approximate months of the conspiracy's duration); United States v. Byrd, No. 5:22-cr-00010, 2022 WL 3337166, at *2 (E.D. Ky. July 11, 2022) (finding that date on which defendant joined conspiracy was not necessary to prepare a defense or avoid prejudicial surprise); United States v. Cheatham, 500 F. Supp. 2d 528, 533 (W.D. Pa. 2007) ("A defendant charged with conspiracy cannot use a bill of particulars to obtain the exact date [he or she] entered into the conspiracy.") (punctuation modified); United States v. Nicolo, 523 F. Supp. 2d 303, 317 ("[D]etails regarding the date on which the conspiracy was formed, or

since the Government is not required to charge any overt acts in the indictment, [any information of this kind] is, itself, more detailed than defendants have a right to demand with respect to the" overt acts that are contained in the indictment. Id. (punctuation modified); see also Superior Growers Supply, 982 F.2d at 177 (stating that the Government need not prove an overt act to establish a conspiracy under § 846).

Given the allegations in the indictment, the Court does not see a reason to depart from this general rule. The Court denies Defendants' request for the date on which they joined the conspiracy.

### b. The Role Defendants Had in the Conspiracy

Minion and Simmons also ask that the Court order the Government to specify the roles they had in the conspiracy charged in Count One. However, as the Government notes, the indictment does describe, in general terms, the role of each coconspirator, and it identifies the role of Minion and Simmons. It alleges that these Defendants agreed to receive controlled substances, which they intended to further distribute, from members of the conspiracy.

Additional particularization is not necessary to adequately inform Defendants of the charges against them and enable them to a prepare a defense. Courts have held that information about the precise roles that defendants played in forming and executing a conspiracy is the type of detailed information that the Government need not disclose. See United States v. Lewis, No. 17-cr-0028, 2018 WL 3470572, at *3 (W.D.N.Y. July 19, 2018) (explaining that, because the defendant "does not need detailed evidence about the conspiracy in order to prepare for trial properly," "the government need not specify . . . what role each defendant played in the conspiracy") (punctuation

---

when each participant entered into the conspiracy need not be revealed before trial.") (punctuation modified).

9

modified); United States v. Brown, No. 15-4067-3, 2017 WL 11501176, at *2 (W.D. Mo. May 15, 2017) (finding that bill of particulars could not be used to require the Government to identify defendant's role in the conspiracy); United States v. Litman, 547 F. Supp. 645, 654 (W.D. Pa 1982) ("It is not necessary for the Government to disclose in a bill of particulars the precise details of the roles the defendant and his coconspirators allegedly played in forming and executing a conspiracy, or all the overt acts the Government will prove at trial in establishing the conspiracy."); see also United States v. Green, No. 04 CR.424, 2004 WL 2985361, at *2 (S.D.N.Y. Dec. 23, 2004) (finding that to the extent defendant, who contended that indictment and voluminous discovery did not sufficiently inform him of his particular role in conspiracy with multiple members, "seeks a bill of particulars in order to ascertain or preview the specific evidence possessed by the government that relates to his limited role in the conspiracy, a bill of particulars is not warranted") (punctuation modified).

Further particularization as to the nature of the agreement or what roles Minion and Simmons played also risks forcing the Government to commit prematurely to a particular trial strategy. See United States v. Reid, No. 07-110, 2008 WL 11414538, at *2 (E.D. Ky. Feb. 26, 2008) (stating that the disclosure of factual details of the Government's expected proof, such as exact acts underlying a conspiracy charge, "can only serve to limit the [government's] proof at trial") (punctuation modified).

Because the indictment states the roles of Minion and Simmons in general terms and because further detail about their roles is not required and may limit the Government's latitude in presenting evidence, the Court denies their request that the Government be required to specify the roles they had in the conspiracy charged in Count One.

### c. Specification of Conspiracy Membership

Minion also asserts that the indictment does not identify how and when he became a member of the alleged conspiracy, but his actual agreement to participate in the conspiracy is an essential element of the charged Count One offense. Mot. at 2, 3, 7. Therefore, he maintains, the Government must provide this information. Id. at 7. However, details regarding the formation of a conspiracy, "including requests for the nature of the 'wheres, whens, and with whoms' of a conspiracy, are frequently held to be beyond the scope of a bill of particular." United States v. Cobb, 544 F. Supp. 3d 310, 327 (W.D.N.Y. 2021). As discussed, Minion and Simmons have notice that they are charged with agreeing to receive controlled substances as conspirators and that this act was allegedly done in furtherance of the conspiracy, which is sufficient to apprise them of the charges against which they must defend. See Rey, 923 F.2d at 1222 (explaining, in affirming the denial of a motion for a bill of particulars, that "it is the grand jury's statement of the existence of the conspiracy agreement rather than the identity of those who agree which places the defendant on notice of the charge he must be prepared to meet") (punctuation modified).

### d. The Specific Kind(s) of Controlled Substance(s) Defendants Agreed to Receive

Minion and Simmons also request that the Government tell them the specific kind(s) of controlled substance(s) they allegedly agreed to receive. Count One of the indictment charges them with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, five kilograms or more of cocaine, 400 grams or more of fentanyl, and between 50–100 kilograms of marijuana. Further specificity beyond that type and quantity of controlled substances, in the form of the specific kind(s) controlled substance(s) Minion and Simmons agreed to receive, is not warranted. Minion and Simmons's request seeks the kind of evidentiary detail that exceeds the purpose of a bill of particulars. See Salisbury, 983 F.2d at 1375. Further, they do not

11

demonstrate why knowledge of the specific type of controlled substance they allegedly agreed to receive is necessary. Therefore, the Court denies this request.

### IV. CONCLUSION

For the reasons stated above, the Court denies the motion for a bill of particulars as to Defendants Minion and Simmons.

SO ORDERED.

Dated: March 31, 2023　　　　　　　　　　　　s/Mark A. Goldsmith
　　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge