UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 22-20059

v.                                           HON. MARK A. GOLDSMITH

SYMION MINION,

        Defendant.

_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION TO DISMISS OR FOR SEVERANCE (Dkt. 186)**

Before the Court is Defendant Symion Minion's motion to dismiss or for severance (Dkt. 186). For the reasons set forth below, the Court denies the motion.[1]

## I. BACKGROUND

Minion is charged with one count of conspiracy to distribute and to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841 and 846. Indictment (Dkt. 14).

Minion is one of thirteen individuals the Government alleges participated in a drug trafficking organization (DTO) based in Detroit, Michigan and involving several other states. Id. ¶ 1. The Government alleges that Minion and the other alleged coconspirators "knowingly and intentionally, . . . , conspire[d] . . . to distribute, and to possess with intent to distribute," cocaine, heroin, fentanyl, and marijuana. See Id. at PageID.30–31. In particular, the Government alleges that Minion "agreed to receive controlled substances in Kentucky" from the DTO, which "were intended to be further distributed elsewhere." Id. ¶ 14.

---

[1] In addition to the motion, the briefing includes the Government's response (Dkt. 200), Minion's reply (Dkt. 206), the Government's supplemental brief (Dkt. 222), and Minion's supplemental brief (Dkt. 224). The Court held a hearing on the motion on June 28, 2023.

In addition to the drug and conspiracy charges, the Government also charges some of Minion's codefendants with several counts of felon in possession of a firearm under 18 U.S.C. § 922(g)(l) and use of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). See id. Minion is not charged with these firearm-related offenses. Id.

Minion moves to dismiss the charges against him, or in the alternative, for severance.

## II. ANALYSIS

The Court first addresses Minion's motion to dismiss and proceeds to discuss his alternative request for severance.

### A. Motion to Dismiss

Minion moves under Federal Rule of Criminal Procedure 12(b) to dismiss the charge alleged against him on the ground that the facts alleged do not sufficiently show that Minion was a member of the alleged conspiracy.

"An indictment must include 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" United States v. Norwood, No. 12-cr-20287, 2013 WL 5965328, at *2 (E.D. Mich. Nov. 8, 2013) (quoting Fed. Crim. P. 7(c)(1)). To be sufficient, an indictment must "(1) set out all of the elements of the charged offense and must give notice to the defendant of the charges he faces, and (2) be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." United States v. Schaffer, 586 F.3d 414, 422 (6th Cir. 2009) (punctuation modified).

A defendant may bring a motion under Rule 12(b)(3)(B) "'challenging a defect in the indictment or information,' including a claim that the 'indictment or information fails to invoke the court's jurisdiction or to state an offense.'" Norwood, 2013 WL 5965328, at *3 (quoting Fed. R. Crim. P. 12(b)(3)(B)). "When deciding a motion to dismiss, the court is 'limited to the four

2

corners of the indictment and the allegations in the indictment are assumed to be true and viewed in the light most favorable to the Government.'" Id. (quoting United States v. Scott, No. 10-20235, 2013 WL 979465, at *1 (E.D. Mich. Mar. 13, 2013)). "[A] defendant may not challenge an indictment on the ground that it is not supported by sufficient evidence before the grand jury[.]" United States v. Levin, 973 F.2d 463, 468 n.2 (6th Cir. 1992) (punctuation modified).

Sections 841 and 846 operate to "prohibit conspiracies to distribute a controlled substance or possess a controlled substance with the intent to distribute." United States v. Sadler, 24 F.4th 515, 539 (6th Cir. 2022). "To sustain a conviction for drug conspiracy under [§] 846, the government must prove beyond a reasonable doubt: (1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in the conspiracy." Id. (punctuation modified).

The Court finds that the indictment sufficiently alleges that Minion participated in a drug conspiracy in violation of §§ 841 and 846. As set forth in the indictment, the Government alleges that "Minion and others . . . did knowingly and intentionally . . . conspire . . . to distribute, and to possess with intent to distribute," substances containing heroin, cocaine, fentanyl, and marijuana. Indictment ¶ 15. And more specifically, the indictment alleges that Minion "agreed to receive" drugs from the DTO for purposes of distribution elsewhere. Id. at ¶ 14. Taking these allegations together, the indictment sufficiently alleges that Minion (i) agreed to violate § 841, (ii) maintained knowledge of, and intent to join, a conspiracy to violate § 841, and (iii) participated in the conspiracy to violate § 841. See Sadler, 24 F.4th at 539. Such allegations are sufficient to survive Minion's motion to dismiss.

Minion resists this conclusion by arguing that a "buyer/seller relationship alone is not enough to establish participation in a conspiracy . . . ." Br. Supp. Mot. at 5 (quoting United States v. Gibbs, 182 F3d 408, 421–422 (6th Cir. 1999) (punctuation modified)). But as set forth above,

3

the indictment includes allegations that go beyond a mere "buyer/seller relationship"; rather, the indictment asserts that Minion knew of and intentionally took part in the conspiracy. See Indictment ¶¶ 14–15. Thus, while Minion is correct that a "buyer/seller relationship" alone is insufficient to allege participation in a conspiracy, allegations indicating "knowledge of and participation in the conspiracy can be enough to link the defendant to the conspiracy." Gibbs, 182 F3d at 421–422. The indictment sufficiently alleges Minion's knowledge and participation in the conspiracy.

Because the indictment sufficiently alleges Minion's participation in the alleged drug conspiracy, his motion to dismiss must be denied.

**B. Motion for Severance**

Minion also moves for severance on the grounds that (i) he has been improperly joined as a defendant under Federal Rule of Criminal Procedure 8(b), and (ii) even if joinder is procedurally proper, severance is nonetheless required under Rule 14 because joinder for trial would be prejudicial to him.

**1. Misjoinder under Rule 8(b)**

Rule 8(b) permits the joinder of multiple defendants in a single indictment where those defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "[A] group of acts or transactions qualifies as a 'series' of acts or transactions for the purpose of Rule 8(b) if the group of acts or transactions is 'logically interrelated' or part of a 'common scheme or plan.'" United States v. Moore, No. 10-20018, 2011 WL 806102, at *3 (E.D. Mich. Mar. 2, 2011) (quoting United States v. Johnson, 763 F.2d 773, 776 (6th Cir.1985)). Courts construe Rule 8(b) in favor of joinder because joint trials "promote efficiency and serve the interests of justice by avoiding the

4

scandal and inequity of inconsistent verdicts." United States v. Bailey, No. 3:22-cr-124-4, 2023 WL 3258598, at *2 (S.D. Ohio May 4, 2023) (punctuation modified).

Minion argues that the allegations related to him "are so detached from those against his co-defendants" that they cannot be part of a series of acts for purposes of Rule 8(b). Br. Supp. Mot at 8. The Court disagrees.

The indictment alleges that Minion participated in a DTO that obtained heroin, cocaine, fentanyl, and marijuana for distribution and that Minion "agreed to receive" drugs from the DTO for purposes of distributing them. Id. at PageID.30–31. In other words, by receiving drugs from the DTO for purposes of distribution, Minion participated in a common scheme or plan to distribute drugs. Indeed, as the Government points out, because the indictment alleges that Minion participated in a drug conspiracy, this case is well-suited for joinder under Rule 8(b). See United States v. Kelley, 461 F.3d 817, 830 (6th Cir. 2006) ("Joinder is permissible in a conspiracy count and substantive counts arising out of the conspiracy because the fundamental principle of a conspiracy charge is the agreement to a common plan or scheme to perpetrate some illegal activity."). The indictment sufficiently alleges that Minion has participated in a "series" of acts with his codefendants such that joinder is proper under Rule 8(b).

To support his argument, Minion relies on United States v. Hatcher, 680 F2d 438, 441 (6th Cir.1982) and United States v. Whitehead, 539 F2d 1023, 1026 (4th Cir. 1976) as examples of cases where defendants were not properly joined under Rule 8(b). See Br. Supp. Mot. at 7. But neither of these cases involved the sort of conspiracy allegations at issue here. In Hatcher, two defendants were charged with distribution of drugs and tried together; defendant Hatcher was charged with distributing cocaine and heroin while defendant Manetas was charged with distribution of heroin. 680 F.2d at 440. Reversing the trial court's rejection of Manetas's motion for severance, the United States Court of Appeals for the Sixth Circuit concluded that joinder was

5

improper because there was "no connection" between the heroin related-charges against Manetas and the cocaine-related charges against Hatcher. Id. at 441. Similarly, in Whitehead, the Fourth Circuit held that two defendants charged with crimes related to separate purchases of drugs from the same third-party dealer were not properly joined for trial under Rule 8(b). Notably, the Whitehead defendants' only association with one another was that they attempted to buy drugs from the same dealer. Id. at 1023–1024.

Here, by contrast, the Government alleges that Minion knowingly participated in the DTO's scheme to distribute drugs. Indictment at PageID. 30–31. Thus, the Government has supplied the connection—i.e., the common scheme or plan—between Minion and his co-defendants that was lacking among the codefendants in Hatcher and Whitehead.

Minion also argues that severance is required because the indictment alleges multiple conspiracies, and his involvement is limited to a conspiracy between Minion and codefendant Valentino Richardson to deliver cocaine from California to Kentucky. Minion Suppl. Br. at 5. In support of his argument, Minion relies on United States v. Glenn, 828 F.2d 855 (1st Cir. 1987) and United States v. Dellosantos, 649 F.3d 109 (1st Cir. 2011).

Minion's reliance on these cases misplaced. In both cases, the courts of appeal reversed defendants' convictions after finding that the evidence adduced at trial showed that the defendants participated in conspiracies related to the distribution of certain drugs, but were not involved in the distribution of multiple drugs as alleged in the indictment. See Glenn, 828 F.2d at 858 (vacating conviction where defendant was charged with a conspiracy to smuggle marijuana and hashish, but evidence at trial showed only that he engaged a separate conspiracy to smuggle only hashish); Dellosantos, 649 F.3d at 119 (vacating conviction because prejudicial variance existed in case where defendant was charged with participating in a single conspiracy to distribute cocaine and marijuana where evidence at trial showed that defendant was involved only in a conspiracy to

6

distribute cocaine). Importantly, neither Glenn nor Dellosantos involved a pre-trial motion for severance of the sort pursued by Minion. Rather, these cases involved post-trial motions premised not on the argument that defendants were improperly joined in the indictment, but on the argument that the evidence presented at trial did not support the conspiracy charges as initially alleged in the indictment.

Minion effectively contends that a variance between the indictment and the evidence requires severance. Minion Suppl. Br. at 5. He argues that the allegations in the indictment show that Minion was involved only in a separate conspiracy with Richardson to distribute cocaine in Kentucky. Id. at 7–8. However, as the Court explains above, the indictment sufficiently alleges a broader conspiracy against Minion because it asserts that Minion, along with other alleged participants in the DTO, "knowingly and intentionally, . . . , conspire[d], . . . to distribute, and to possess with intent to distribute" cocaine, heroin, fentanyl, and marijuana. See Indictment at PageID.30–31. To the extent Minion argues that the evidence does not support the charges in the indictment (i.e., a variance), he may pursue this argument at trial.[2]

Minion's related argument asserting that venue in this district is lacking fails for similar reasons. See Minion Suppl. Br. at 9. The Constitution and Federal Rules of Criminal Procedure establish that venue for a criminal prosecution is proper only in the district where the crime was committed. United States v. Castaneda, 315 F. App'x 564, 569 (6th Cir. 2009). "[V]enue [is proper] for continuous crimes in any district where the 'offense was begun, continued, or

---

[2] As the Sixth Circuit has explained, issues of variance of the sort Minion asserts here require the benefit of viewing the indictment in light of the evidence introduced at trial. See United States v. Rios, 830 F.3d 403, 427 (6th Cir. 2016) ("A variance occurs when the charging terms [of the indictment] are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment.") (punctuation modified); United States v. Caver, 470 F.3d 220, 235 (6th Cir. 2006) ("This court requires that the issue of variance be raised at trial.").

7

completed.'" Id. (quoting 18 USC § 3237(a)). Because "[c]onspiracy and drug importation are continuous crimes, . . . venue is proper in any district along the way." Id. (punctuation modified).

Minion argues that venue is lacking because the facts alleged in the indictment and evidence supplied by the Government involve only Kentucky and California. Minion Suppl. Br. at 9. The Court disagrees. The indictment alleges that, "in the Eastern District of Michigan and elsewhere, . . . Minion and others . . . knowingly and intentionally . . . conspire[d] . . . to distribute, and to possess with intent to distribute," drugs. Indictment ¶ 15. This allegation is sufficient to establish venue at this pre-trial stage. See United States v. Coffman, No. 2:22-cr-154, 2023 WL 371830, at *5 (S.D. Ohio Jan. 24, 2023) ("The indictment alleges that each offense occurred within 'Southern District of Ohio and elsewhere.' Although the Government must prove venue by a preponderance of the evidence at trial, . . . this is sufficient to establish venue at this stage.") (punctuation modified).

The cases Minion cites in support of his venue argument are not to the contrary. See Minion Suppl. Br. at 9 (citing Glenn, 828 F.2d 855 at 860 and United States v. Durades, 607 F2d 818, 820 (9th Cir. 1979)). In both cases, the issue of venue became relevant only after evidence at trial demonstrated that there was an improper variance between the allegations in the indictment and the Government's proof at trial. See Glenn, 828 F.2d 855 at 860 (explaining that the evidence introduced at trial prejudicially varied from the indictment's allegations and concluding that "[u]nder a proper indictment, the government could not have established venue in Rhode Island"); Durades, 607 F2d at 820 (finding that the evidence at trial demonstrated that the single conspiracy alleged in the indictment was actually two separate conspiracies and that, because the conspiracy in which the defendant participated did not involve California, the Southern District of California was an improper venue). Put simply, Minion's appeal to cases involving post-trial motions

asserting variance or challenges to venue based on the evidence introduced at trial offer him no support for his pre-trial efforts to sever the case against him.

Minion is properly joined as a defendant under Rule 8(b).

2. **Rule 14**

Minion argues that, even if joinder is proper under Rule 8(b), severance is nonetheless required because joinder with his codefendants would prejudice him at trial. Br. Supp. Mot at 9–10.

Under Rule 14(a), "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." It is the defendant's burden to show "specific and compelling prejudice" to support his motion for severance. Minion Suppl. Br. at 10 (quoting United States v. Tocco, 200 F3d 401, 413–414 (6th Cir. 2000)). As this Court has previously noted, the "standard for severance under Rule 14 is very stringent." United States v. Norwood, 50 F. Supp. 3d 810, 822 (E.D. Mich. 2014). "[A]s a general rule, persons jointly indicted should be tried together . . . , particularly . . . in cases involving conspiracy or joint participation in a common scheme[,] where the charges are to be proven by the same evidence, resulting from the same series of acts[.]" Id. (punctuation modified). Indeed, "[e]ven where the risk of prejudice is high, less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." United States v. Ross, 703 F.3d 856, 884 (6th Cir. 2012) (punctuation modified).

As discussed above, in Minion's view, the Government's allegations and evidence show only that Minion was involved in a conspiracy with Richardson to distribute cocaine. Minion Suppl. Br. at 7–8. Minion argues that he would suffer prejudice from being joined as a defendant in this case because he asserts that he played a "de minimis" role in the alleged conspiracy, and

9

therefore, the risk of "spill over" evidence related to the other defendants will compromise his right to a fair trial. Br. Supp. Mot at 11.

The Government disagrees with Minion's characterization of his role in the alleged conspiracy. It argues that Minion's role "is neither unique nor . . . 'de minis' [sic]." Gov. Suppl. Br. at PageID.865. In support of this position, the Government cites evidence that it contends shows Minion's involvement with the conspiracy. Specifically, the Government points to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) reports of investigations in which agents observed Minion at a Detroit residence shortly before alleged coconspirator William Johnson visited that residence. See id. at PageID.866 (citing 10/13/2021 and 10/14/2021 Reports of Investigation (Dkts. 222-2, 222-3)). In addition, the Government argues that Minion was connected with the receipt of a package containing drugs that was sent through commercial shipping services, see 11/16/2022 Report of Investigation (Dkt. 222-4) and stopped by police with shipping and packaging supplies, 11/17/2022 Report of Investigation (Dkt. 222-5). According to the Government, evidence of the DTO's distribution of drugs via commercial shipping methods is consistent with its allegations regarding the distribution methods utilized by the DTO. Gov. Suppl. Br. at PageID.866.

The Court agrees with the Government that allegations regarding Minion's involvement in the conspiracy alleged by the Government is not so insubstantial as to require severance. Given Minion's alleged involvement in the DTO's "common scheme," interests of judicial economy and efficiency demand that Minion be tried alongside his alleged coconspirators. See Norwood, 50 F. Supp. 3d at 822.

Minion's concerns regarding the risk of prejudice to him resulting from evidence solely related to his codefendants are well-taken by the Court. But as the Sixth Circuit has repeatedly explained, "a defendant is not entitled to a severance simply because the evidence against a

10

codefendant is far more damaging than the evidence against him." United States v. Driver, 535 F.3d 424, 427 (6th Cir. 2008) (quoting United States v. Causey, 834 F.2d 1277, 1287 (6th Cir.1987)). Moreover, risk of prejudice can be mitigated by a limiting instruction to the jury. United States v. Lucas, No. 19-6390, 2021 WL 4099241, at *7 (6th Cir. Sept. 9, 2021) ("[S]everance is inappropriate if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants.") (punctuation modified).

As Minion points out, some courts have recognized that limiting instructions are insufficient to limit the risk of prejudice to a defendant. See Minion Suppl. Br. at 11 (citing United States v. White, No. 2:22-cr-029, 2023 WL 3959398, at *3 (W.D. Va. June 12, 2023); Br. Supp. Mot. at 10 (citing Zafiro v. United States, 506 US 534, 539 (1993) (concluding that Rule 14 did not require severance in case where defendants had conflicting defenses, but explaining that where defendants have "markedly different degrees of culpability," "[e]vidence that is probative of a defendant's guilt but technically admissible only against a codefendant also might present a risk of prejudice")). But these cases involve defendants charged with crimes that are vastly different in their severity. For example, in White—the case upon which Minion primarily relies—the court severed multiple defendants involved in a drug conspiracy from a co-conspirator, who, beyond his involvement in the drug conspiracy, was accused of murdering a law enforcement officer. 2023 WL 3959398, at *3. Because there was a "vast difference between" the charges against the defendants seeking severance and the defendant accused of murder, the Court concluded that "the risk of spillover prejudice . . . [was] too great," and therefore, granted the motion for severance. Id.

Here, by contrast, the relative seriousness of Minion's drug charge and the drug and firearms charges of some of his codefendants is not so vast that Minion would be prejudiced by "spillover" evidence. Nor has Minion demonstrated that the jury will be unable to "separate and

11

treat distinctively evidence relevant to each particular defendant." United States v. Morales, No. 3:21-cr-00022, 2023 WL 2818730, at *4 (M.D. Tenn. Apr. 6, 2023) (punctuation modified) (rejecting defendant's motion for severance where some defendants were charged with more serious crimes related to kidnapping and maiming other codefendants). The Court is confident that clear instructions would mitigate any risk of prejudice to Minion based on differences between the charges against him and those levied against his codefendants.

Because Minion has failed to demonstrate that he will be prejudiced by being tried with his codefendants as a result of his joinder with his codefendants, the Court denies his motion for severance under Rule 14.

### III. CONCLUSION

For the reasons stated above, the Court denies the motion to dismiss or for severance (Dkt. 186).

SO ORDERED.

Dated: August 23, 2023　　　　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge